**FILED**

SEP -6 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>　v.<br>DANA FORSBERG,<br>　　　　　Defendant.<br>_____/ | NO. 7:05-cr-135 RS<br><br>**FINDINGS AND CONCLUSIONS** |

## I. INTRODUCTION

On August 29, 2005, defendant Dana Forsberg was tried to the Court, without a jury, for unlawfully entering a military facility in violation of 18 U.S.C. § 1382, for carrying a concealed and loaded weapon in a vehicle in violation of 18 U.S.C. § 13, assimilating California Penal Code §§ 12025(a)(1) and 12031(a)(1), and for driving under the influence of alcohol with a blood alcohol content of more than .08%, in violation of 18 U.S.C. § 13, assimilating California Vehicle Code §§ 23152(a) and (b). The United States was represented by Special Assistant United States Attorney Robert Nelson and defendant was represented by Terrance McCleery. Witnesses Alberto Corpuz, Lt. Dave Wicklund, Greg Avilez, Sgt. Michael Hespe, and Officer Timothy Walsh testified on behalf of the United States, while defendant testified on his own behalf. Based on all evidence and testimony presented, the Court finds defendant Forsberg GUILTY on all Counts of the Information.

\\\

## II. FINDINGS

A. <u>Count One: Entry on Military Reservation for Purpose Prohibited by Law</u>

In Count One, the government charges that defendant violated 18 U.S.C. § 1382 by entering a military reservation on July 2, 2004, for a purpose prohibited by law. To prove a violation of Section 1382, the government must show that the defendant's initial entry onto the military reservation was made for a prohibited purpose, although the prohibited purpose may be the unauthorized entry itself. <u>United States v. Cottier</u>, 759 F.2d 760, 762 (9th Cir. 1985); <u>United States v. Hall</u>, 742 F.2d 1153, 1154 (9th Cir. 1984). Accordingly, "going upon a military base with knowledge that such entry is unauthorized violates the statute." <u>United States v. Hall</u>, 742 F.2d at 1154.

The evidence presented at trial established that on July 2, 2004, defendant and a passenger drove to Fort Hunter Liggett, located in Monterey, California. Defendant was stopped at the entry gate to the Fort and informed by security officer Alberto Corpuz that in order to obtain lawful entry onto the premises he must produce a valid identification, as well as proof of valid registration of his vehicle and proof of insurance. Despite such instructions, however, Mr. Corpuz testified that defendant did not provide proof of his insurance information but, nonetheless, proceeded through the entry gate and onto the grounds of Fort Hunter Liggett. He was subsequently stopped by a patrol officer for traveling at an excessive rate of speed and charged with a violation of 18 U.S.C. § 1832.

Mr. Forsberg testified that he left the entry area because he believed that officer Corpuz had waved him through the entry gate. He reasonably thought, therefore, that he was free to travel onto the grounds. Officer Corpuz testified, to the contrary, that he was not waving Mr. Forsberg through the entry but was, rather, signaling another vehicle to enter the Fort.

Based on the evidence and testimony presented, the Court finds that the government has established beyond a reasonable doubt that defendant entered Fort Hunter Liggett, a military reservation, on July 2, 2004, for a purpose prohibited by law, to wit, that defendant knew that he was prohibited from entering the Fort without submitting proof of valid automobile insurance. Defendant knew that he had failed to show proof of such insurance at the entry gate to the Fort but proceeded, nonetheless, to enter the grounds of the Fort. Accordingly, defendant is guilty of Count

One of the Information.

B.   Count Two: Unlawfully Carrying Concealed Weapon

In Count Two, the government charges that defendant unlawfully carried a concealed weapon within a vehicle under his control, in violation of 18 U.S.C. § 13, assimilating California Penal Code § 12025(a)(1). To prove a violation of Penal Code § 12025(a)(1), the government must establish that defendant knowingly carried concealed within a vehicle under his control or direction a pistol, revolver, or firearm capable of being concealed upon the person. Cal. Penal Code § 12025(a)(1); People v. Hodges, 71 Cal.App.4th 1348 (1999).

The evidence presented at trial showed that defendant was driving a vehicle in which he had placed a concealed handgun. Defendant testified that he had wrapped the handgun in an oily towel and placed it in the back of the vehicle. He also stated that when he was stopped for a speeding violation, he informed the officer of the presence of the handgun. At trial, defendant did not contest the fact that he knew a concealed handgun was in the car he was driving, but noted that there was no trunk in the vehicle in which he could store the gun.

Based on the evidence and testimony presented, the Court finds that the government has established beyond a reasonable doubt that defendant knowingly carried concealed within a vehicle under his control or direction a pistol, revolver, or firearm capable of being concealed upon the person, in violation of Cal. Penal Code § 12025(a)(1). Accordingly, defendant is guilty of Count Two of the Information.

C.   Count Three: Unlawfully Carrying Loaded Weapon

In Count Three, the government charges that defendant unlawfully carried a loaded weapon within a vehicle under his control, in violation of 18 U.S.C. § 13, assimilating California Penal Code § 12025(a)(1). To prove a violation of Penal Code § 12025(a)(1), the government must establish that defendant knowingly carried within a vehicle under his control or direction a loaded pistol, revolver, or firearm capable of being concealed upon the person. Cal. Penal Code § 12025(a)(1); People v. Hodges, 71 Cal.App.4th 1348 (1999).

As recounted above, the evidence presented at trial showed that defendant was driving a

vehicle in which he knew he had placed a loaded handgun. Defendant testified that the handgun had been covered with a towel and placed in the back of the vehicle that he was driving. When defendant was stopped for a speeding violation, he informed the officer of the presence of the loaded handgun. At trial, defendant did not contest the fact that he knew a loaded handgun was in the car he was driving.

Based on the evidence and testimony presented, the Court finds that the government has established beyond a reasonable doubt that defendant knowingly carried within a vehicle under his control or direction a loaded pistol, revolver, or firearm capable of being concealed upon the person, in violation of Cal. Penal Code § 12025(a)(1). Accordingly, defendant is guilty of Count Three of the Information.

D.   Count Four: Driving Under the Influence of Alcohol

In Count Four, the government charges that defendant unlawfully drove a vehicle while under the influence of an alcoholic beverage, in violation of 18 U.S.C. § 13, assimilating California Vehicle Code § 23152(a). To prove that he violated Section 23152(a), the government must establish that defendant drove a vehicle while under the influence of any alcoholic beverage. Cal. Vehicle Code § 23152(a); People v. Wilson, 176 Cal.App.3d Supp. 1 (1985).

At trial, the government offered testimony and evidence to establish that defendant consumed alcohol prior to entering the vehicle in which he was driving when he was stopped. First, Lt. Wicklund, the officer who stopped defendant's vehicle, testified that when he approached defendant in his car, defendant seemed confused and garbled his words when he recounted what had transpired at the front gate. Second, defendant informed Lt. Wicklund that he had consumed two glasses of wine prior to the time that he drove the vehicle onto Fort Hunter Liggett. Third, approximately two hours after his vehicle was stopped, defendant failed two field sobriety tests which were administered by Lt. Wicklund. Fourth, an empty wine bottle was found in the vehicle. Fifth, as discussed in greater detail below, breathalyzer tests were administered on defendant and indicated that he had a blood alcohol content above the legal statutory limit.

In response, defendant testified that he had only two glasses of wine with a picnic lunch prior

4

to the time that he was stopped. Although he suggested that perhaps the breathalyzer results were skewed since he had taken nicotrol prior to taking the test, no evidence was presented to support that theory. Defendant also noted that, until the empty wine bottle was found in his car, he had not been questioned about his alcohol consumption nor had any officer administered a field sobriety test. He further testified that he did not believe he was under the influence of alcohol at the time he drove the vehicle onto Fort Hunter Liggett.

Based on the evidence and testimony submitted, the Court finds that the government has established beyond a reasonable doubt that defendant unlawfully drove a vehicle while under the influence of an alcoholic beverage, in violation of 18 U.S.C. § 13, assimilating California Vehicle Code § 23152(a). Accordingly, defendant is guilty of Count Four of the Information.

E.  Count Five: Driving Under the Influence of Alcohol With BAC of .08%

In Count Five, the government charges that defendant unlawfully drove a vehicle while under the influence of alcohol with a blood alcohol concentration of more than .08%, in violation of 18 U.S.C. § 13, assimilating California Penal Code § 23152(b). To prove that he violated Section 23152(b), the government must show that defendant drove a vehicle and, at that time, he had .08% or more, by weight, of alcohol in his blood. Cal. Vehicle Code § 23152(b). In addition to the evidence and testimony noted above regarding Count Four, Lt. Wicklund testified that he administered two preliminary alcohol screening ("PAS") tests to defendant in order to confirm whether defendant was driving under the influence of any alcoholic beverage. The results of the PAS tests indicated that defendant had blood alcohol content levels of .137 and .135. Thereafter, based on the PAS results, Lt. Wicklund testified that he gave defendant the option to take either a breath or blood test. Defendant elected to submit to a breath test and the government introduced the results of two breathalyzer tests which were administered to defendant approximately two hours after his vehicle was stopped. See Trial Exh. 2. The results of the tests indicated that, at the time that the breath exemplars were taken from defendant, his blood alcohol level measured .14 and .15. Id.

The California Supreme Court has held that the foundational requirements for the admission of preliminary alcohol screening ("PAS") test results into evidence may be demonstrated either by

5

showing compliance with Department of Health Services regulations[1] or by showing that: (1) the equipment was properly functioning; (2) the test was properly administered; and, (3) the test was administered by a qualified operator. People v. Williams, 28 Cal.4th 408, 417 (2002).

Defendant did not object to the admission of either the PAS test results, nor the subsequent breathalyzer results introduced by the government. Even if defendant had raised an objection to such results, the testimony presented by witnesses Wicklund and Avilez establish that the test equipment used on defendant was properly functioning, that the tests were properly administered, and that the tests were administered by a qualified operator. Although defendant argued that the internal clock on the Intoximeter 7410 PAS machine was not working properly, thereby necessitating a finding that the equipment was not properly functioning, he failed to show that such malfunction altered or affected in any way the test results. To the contrary, witness Avilez testified that the internal clock operates completely independent of the instruments in the machine which analyze breath alcohol. Trial Transcript at p. 89. Defendant failed to rebut this testimony.

In addition, even if defendant established that the Intoximeter 7410 machine had a malfunctioning internal clock, he failed to show that there was a malfunction with respect to the initial PAS machine used to measure his blood alcohol content. The test results obtained from that machine, which was an entirely different make and model from the Intoximeter 7410, showed that defendant had a blood alcohol content of .137 and .135, both over the statutory limit of .08. Moreover, although defendant averred that the test results may have been skewed by his ingestion of nicotrol or other chemical substance, no evidence was presented to support such theory.

Based on the evidence and testimony submitted, the Court finds that the government has established beyond a reasonable doubt that defendant operated a vehicle while he had .08% or more, by weight, of alcohol in his blood, in violation of Cal. Vehicle Code § 23152(b). Therefore, defendant is guilty of Count Five of the Information.

\\\

---

[1] Specifically, the test must have been performed in substantial compliance with title 17 of the California Code of Regulations.

### III. CONCLUSION

For the foregoing reasons, the Court finds defendant Dana Forsberg GUILTY on all counts of the Information. As a result, he is ordered to report immediately to the Probation Department for preparation of a presentence report and recommendation. Defendant shall appear before the Court on December 15, 2005 at 9:30 a.m. to be sentenced.

Dated: September 6, 2005

RICHARD SEEBORG
United States Magistrate Judge

7

THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:

Robert B. Nelson    robert.nelson@monterey.army.mil, michael.bruun@monterey.army.mil

Terrance Kyle McCleerey
130 W. Gabilan St #4
Salinas, CA 93901

Dated: 9/6/05

Richard W. Wieking, Clerk

By: _____
Chambers